FILED
CLERK, U.S. DISTRICT COURT

September 14, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: TS DEPUTY

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO: DATE: DEPUTY CLERK:
Plaintiff w/form    9/14/15    TS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISON

| | |
|---|---|
| CHRISTOPHER DE VONNE RAY SR., <br><br> Plaintiff, <br><br> v. <br><br> R. WARNER et al.., <br><br> Defendant. | No. SA CV 15-01242-JLS (DFM) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

On August 5, 2015, Plaintiff lodged a pro se civil rights complaint under 42 U.S.C. § 1983 together with a request to proceed in forma pauperis. Dkt. 1 ("Complaint"). On August 6, 2015, the Court granted Plaintiff's request to proceed in forma pauperis. Dkt. 8. The Complaint names Fullerton Police Department Officer R. Warner as the sole Defendant. Complaint at 2.

In accordance with 28 U.S.C. § 1915(e)(2), the Court must screen the Complaint for purposes of determining whether the action is frivolous or

malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

On September 16, 2014, Warner pulled Plaintiff over for a traffic violation. Id. Warner told Plaintiff that he pulled him over because Plaintiff drove on the wrong side of the street. Id. No other motorist made a complaint about Plaintiff's driving. Id. Plaintiff did not like Warner's demeanor so he asked Warner to get a supervisor. Id. Warner called for backup then dragged Plaintiff out of his car and threw him to the ground. Id. At least 5 officers and eventually 10-12 officers responded. Id. Plaintiff had a heart attack from the force of the officers' weight. Id. Plaintiff cried for help. Id. The officers rushed Plaintiff to the hospital where he was handcuffed. Id. Officer Kirk questioned him continuously. Id. After the doctor said Plaintiff had a heart attack, Officer Kirk left the room and returned with Warner and an electronic ticket that they asked Plaintiff to sign. Id. at 3.

## III.
## STANDARD OF REVIEW

The Court's screening of the Complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi

v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

  If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the

complaint could not be cured by amendment") (citing <u>Noll v. Carlson,</u> 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1105-06; <u>see, e.g.</u>, <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

## IV.
## DISCUSSION

**A.   First Claim for Relief**

Plaintiff's first claim for relief invokes 18 U.S.C. §§ 241 and 242 as well as 15 U.S.C. § 645. These criminal statutes do not provide a basis for civil liability. See <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241 and 242 are criminal provisions that provide no basis for civil liability). For a section of the federal criminal code to provide a private right of action, there must be "at least [some] statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 316 (1979); <u>see also</u> <u>Clinkscales v. Carver</u>, 22 Cal.2d 72, 75 (1943) ("A statute that provides for a criminal proceeding only does not create a civil liability; if there is no provision for a remedy by civil action to persons injured by a breach of the statute it is because the Legislature did not contemplate one."). The Court has reviewed the federal criminal codes cited by Plaintiff and finds no indication that civil enforcement of any kind is available to him. Plaintiff's first claim for relief is therefore subject to dismissal.

///

B. **Second Claim for Relief**

Plaintiff's second claim for relief invokes 31 U.S.C. § 5118(b)(2). There is no paragraph (2) in 31 U.S.C. § 5118(b), a statute that regulates the use of "gold clauses." Plaintiff's invocation of this statute in connection with his interaction with a local police officer is nonsensical. Plaintiff's second claim for relief is therefore subject to dismissal.

C. **Third and Fourth Claims for Relief**

Plaintiff's third and fourth claims for relief both make allegations of "false arrest." Complaint at 4, 5. Plaintiff's third claim for relief states that Warner's false arrest has damaged Plaintiff because the ticket issued does not give adequate notice and thus does not comport with due process. Id. at 4-5. Plaintiff's fourth claim for relief simply alleges false arrest. Id. at 5. Because both claims appear to be barred by Heck v. Humphrey, 517 U.S. 477 (1994), Plaintiff's third and fourth claims for relief are subject to dismissal.

Under Heck v. Humphrey, a § 1983 claim that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable, and therefor does not accrue, until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. Accordingly, when a plaintiff files a § 1983 action, the Court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487.

The Heck bar applies to false arrest claims. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his 1983 claims for false arrest and imprisonment, [plaintiff] would have to demonstrate

that there was no probable cause to arrest him . . . [F]inding that there was no probable cause would 'necessarily imply' that [plaintiff's] conviction for disturbing the peace was invalid. Therefore, under Heck [plaintiff's] false arrest and imprisonment claims [are] not cognizable."); see also Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (concluding that Heck barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (holding that Heck barred Plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Heck prevents a plaintiff from bringing a claim that, even if it does not directly challenge the conviction, would imply that the conviction was invalid.

Here, Plaintiff's allegations do not describe the outcome of any violation or infraction proceedings arising out of the electronic ticket issued by Warner. If those proceedings have not been completed, or if they have been completed with criminal charges, Plaintiff § 1983 claim for false arrest is barred by Heck until the criminal charges have been dismissed or the conviction has been overturned.

## V.
## CONCLUSION

For the reasons set forth above, the Complaint is subject to dismissal. Although the Court is doubtful that the deficiencies identified above can be cured by amendment, it will nonetheless give Plaintiff an opportunity to do so and order dismissal of Plaintiff's Complaint with leave to amend. Accordingly, if Plaintiff still desires to pursue his claims, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended

Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: September 14, 2015

DOUGLAS F. McCORMICK

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7